Mr. Hillis, you bring us criminal law, not Norwegian law. Mr. Hillis for the appellant. Well, at this point in the day, I hope I am among the interesting cases remaining to be  Even if I'm not, I'll say this, that Mr. McKay's case, in my view, does pose an interesting issue with respect to Yee v. City of Escondido, and it's a contention the government's made in this, and then you'll hear it again in the next case, that arguments are waived if not explicitly made in the district court. We think that is incorrect under the Supreme Court's jurisprudence under Yee, but also under Seventh Circuit case law, such as Billups v. Bew, as well as Otrudovic, and the government's position is if we get past the waiver, this case results in a remand on the vagueness issue. We agree with that, and we're going to further streamline today, in our efforts anyway, to do so by saying that based on the doctrine of constitutional avoidance, that we probably will not need to reach the non-delegation issue or the compelled government speech in the event of a remand just based on the ambiguous condition, special condition 13. So under this court's case law, Bicker, et cetera, this condition has been litigated many times, found to be vague. I am a little bit baffled how it keeps making its way into PSRs. I think that a little direction to probation officers from the district court is not good. You see cases from all over the circuit. Is it just in the northern district? Principally. It may be one additional district that includes it, but I know I've had several recent cases where the government's come up and either there's been a joint motion to remand, there's been a confession of error on the condition, and then ultimately, if this case were to go back and were to be resisted, even say they prevail on the waiver issue, we're going to have a hearing under 18 U.S.C. 3583E3 for a modification. I wouldn't know how the government would defend the indefensibly vague condition there. The condition would ultimately be struck under any of these permutations. Mr. Hillis, go ahead. Well, oh, that's very kind. Thank you. You know, we've held that where a defendant has access to the PSR, objects to certain parts of the PSR, then states on the record no other objections. That's the paragon of intentional relinquishment that warrants a binding of waiver. Here, don't we have that plus more in that after he chose not to object, the district court sued Esponte, singled out that supervisory release condition, questioned the basis for it, asked defense counsel to weigh in on the matter. So, in light of that evidence, how could the failure to raise the challenge, the inadvertence or neglect as opposed to an intentional decision? So, Judge Roebner, I take issue with the premise that this is a waiver per flores, because in flores, there's no objection at all. And here on pages, appendix pages 54 and 55, when the judge, who has an obligation to try to make sure everything turns out right and under the law, asks questions about the validity of this condition and defense counsel says the condition shouldn't be imposed and gives a reason for it, that's an objection. That preserves the claim and under ye, claims aren't waived once there's an objection of that sort. It's been preserved. The government's asking to go a step beyond and say a specific variation of the argument or, you know, a new twist on the argument should also be swallowed up in that effort to establish a waiver. But the objection, pages 54 and 55, where this is opposed, allows us to come in and make the arguments that we're making where the government agrees that the condition is ambiguous. So, I think that we survive and it's not under the flores rubric, but we are instead under billups, bu and ye. With that, I have nothing further unless the court has additional questions. I did have one question, Mr. Hillis. Do you think the probation officer has independent authority on his or her own initiative simply to contact a supervisee's employers or landlords about potential risks that are posed? I'm not aware of a restriction. I think it could be that negative for a defendant who's trying to keep a job and things like that, but I question the wisdom of doing some of these things. As a restriction, I don't know, but we do worry about compulsory government speech. I will just weigh in on that part. If the probation officer thinks there's a risk and they know what it is, don't put my client in the position of having to adequately convey what that is when the probation officer has the means of doing so to identify the third party and the specific risk. Take my client out of the equation so he doesn't get revoked. Thank you, Mr. Hillis. We'll move now to an argument on behalf of the government. Is it Mr. Shee? Thank you. May it please the court. Jonathan Shee for the United States. The defendant has waived his challenges that he is raising here in appeal by failing to raise those arguments before the district court. We would concede that the defendant did object to the condition in a general fashion, but under this court's precedent in Anderson, that general objection is not sufficient to preserve the specific arguments that were raised here. I think Anderson is essentially indistinguishable from this case because in that case, in Anderson, the defendant raised a general objection that an alcohol supervised release condition was not appropriate or unnecessary, which is essentially what happened here for the district court, and that was held not to be sufficient to preserve vagueness arguments. So for those reasons, we would ask that this court affirm this court's judgment. So what should we do with Yee against Escondido? So Judge, the cases that the defendant cited with respect to claims versus arguments, I think, particularly the Seventh Circuit cases, they deal with the same essential argument that's being presented in this court versus the district court with maybe additional authority or additional twists to them. For instance, in Bew v. City of Chicago, that was a Title VII case where they were launching a Title VII. I'm familiar with our general jurisprudence in this area, which is not entirely consistent, I'll acknowledge, but defense counsel has raised the Supreme Court's authority, so what do you think about that? Well, Judge, I think that the issue is that the defendant had an opportunity to review the PSR conditions, was asked specifically about this condition, and did not raise any of those arguments. I agree with you up until the point that that's Flores, up until the district judge raises the issue and invites comment, and then the defense counsel and the district court raises not terribly specifically, but does seem to suggest that maybe this is not necessary. Yes, Your Honor, and I think that the objection that was being raised at the district court was essentially factual. Their argument was that the defendant did not, in fact, pose a threat that required third-party notification. It was not—essentially, the challenge here is legal, whether the condition itself is too vague or presents these constitutional issues, and nothing close to that argument was raised before the district court. And that relinquishment is, under Anderson, sufficient for waiver of that issue. But, Your Honor, we would concede that if there is not waiver, we would agree to a limited remand for clarification of the issue. And you would agree that this issue is always available for the next 30 years, perhaps, on a petition to modify? During the period of supervised release, the district court— Or while he's in prison. Yes, Your Honor. He could certainly move to modify the condition, and that's something that— So this is something that's going to have to be addressed. Why not now? Judge, if you feel that's appropriate, and we are agreeable to a limited remand for clarification, but again, our position is that the argument is waived, and that's better addressed in the first instance before the district court. Thank you. Thank you, Your Honor. Thank you, Mr. Sheehy. Mr. Hillis, rebuttal argument? Very briefly, this is not just a factual issue versus a legal one. When the defense attorney says that the individual's conduct does not pose a necessary disclosure obligation because of his past criminality, and people age out of criminality, we are factual and legal circumstance about whether a disclosure is necessary. The Guidry case does talk about criminal records being a basis to have to make this sort of disclosure, and I don't think that Anderson can be reconciled with Yee, but I also don't think it can be reconciled with Otradovic, which wasn't a supervised release condition, but there, I think it was Judge Scudder writing for the court, basically lined up with Yee, Bu, Billups, to say that the claim is preserved, and therefore, a new twist on the argument is permissible in the Otradovic case, so that's where we would take issue with the government. With that, I have nothing further. Thank you, Mr. Hillis. Thank you, Mr. Sheehy. The case will be taken under advisement.